**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

SERAFIN SANDOVAL-VEGA,                                            PETITIONER
ADC #142319

v.                                   5:13CV00170-BSM-JJV

RAY HOBBS, Director
Arkansas Department of Correction                             RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Before the Court is the Petition for Writ of Habeas Corpus (Doc. No. 2) pursuant to 28 U.S.C. § 2254, of Serafin Sandoval-Vega, an inmate at the Varner Unit of the Arkansas Department of Correction.

**I. BACKGROUND**

On July 11, 2008, in Benton County Circuit Court, Mr. Sandoval-Vega entered a guilty plea for capital murder and was sentenced to life imprisonment without the possibility of parole. (Doc. No. 9-2.) Mr. Sandoval-Vega then filed a timely, verified petition for postconviction relief pursuant to Arkansas Rules of Criminal Procedures Rule 37. 1 (2008). *Sandoval-Vega v. State*, 2011 Ark. 393 at 1, 384 S.W. 508, 511. The circuit court denied his

petition without a hearing. *Id.* On appeal of that order, Mr. Sandoval-Vega contended that the trial court should have held a hearing on the petition and that it made a number of other errors regarding his claims for relief. *Id.*

On September 29, 2011, the Arkansas Supreme Court issued an opinion affirming in part and reversing and remanding in part. *Id.* The sole issue on remand was Mr. Sandoval-Vega's competency to enter a guilty plea, as the Supreme Court could not determine from the record that the claim was without merit. *Id.* at 6, 384 S.W. 3d at 513. The State's highest court noted that if Mr. Sandoval-Vega disputed the finding made by the circuit court on remand, he could appeal that decision. (Doc. No. 9 at 2.)

On remand, the circuit court appointed counsel to represent Mr. Sandoval-Vega and ordered that he be examined to determine whether he "had the mental capacity to understand the proceedings against him and to assist effectively in his own defense as of July 11, 2008, at the time of the entry of his plea of guilty to the trial court, whereupon he was sentenced to life without parole." (Doc. No. 9-6 at 1.) The circuit court adopted the findings of the State-appointed psychologist, Dr. Ross of Ozark Guidance Center, that Mr. Sandoval-Vega was competent when he pleaded guilty. (*Id.*) The August 30, 2012, order specifically stated that Mr. Sandoval-Vega did not dispute the expert's conclusion and agreed that he is not mentally retarded; and he also advised that he wished to withdraw any further request for relief pursuant to his previously filed Rule 37 petition. (*Id.* at 2.)

Consequently, Mr. Sandoval-Vega's counsel did not pursue an appeal. However, on April 19, 2013, Mr. Sandoval-Vega filed in the Arkansas Supreme Court a pro se motion for

belated appeal of the September 19, 2012, circuit court order. (Doc. No. 9-7.) On May 23, 2013, the Arkansas Supreme Court denied Mr. Sandoval-Vega's motion to file a belated appeal. (Doc. No. 9-9.) Less than two weeks later, on June 4, 2013, Mr. Sandoval-Vega filed a timely Petition for Writ of Habeas Corpus (Doc. No. 2) which is now before this Court.

## II.   ANALYSIS

Respondent argues that the Petition is procedurally defaulted. (Doc. No. 9 at 3.) The Court agrees.

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *See* 28 U.S.C. § 2254(b) (a state prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus proceeding). This requirement is in place to afford the state the opportunity to correct any constitutional errors before the federal courts intervene. *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.") (citations omitted). Principles of comity and federalism require state courts to have a proper opportunity to address a petitioner's claims of constitutional error before those claims are presented to a federal court. *Coleman v. Thompson,* 501 U.S. 722, 731 (1991); *Engle v. Isaac,* 456 U.S. 107, 128-29 (1982).

In his Petition for Writ of Habeas Corpus, Mr. Sandoval-Vega asserts his constitutional right of due process was violated because his guilty plea was not knowingly, voluntarily, and intelligently made due to his mental retardation. He claims that because his mental capacity is "significant subaverage intellectual functioning," he lacked the ability to enter such a plea. (Doc. 2 at 12.) However, Mr. Sandoval-Vega was required to first present these claims to the Arkansas courts. Petitioners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerkel,* 526 U.S. 838, 845 (1999). Failure to do so will result in a procedural default. *Kennedy v. Delo,* 959 F.2d 112, 115 (8th Cir. 1992) (citing *Coleman,* 501 U.S. 722 at 749-50). Exhaustion is required because state courts should have the opportunity to review the rulings of lower state courts and correct any federal constitutional errors. *Engle,* 456 U.S. 107 at128-29.

Even though Mr. Sandoval-Vega filed a Rule 37 petition in Benton County Circuit Court and the Arkansas Supreme Court reversed and remanded on the issue of his competency, Mr. Sandoval-Vega never filed an appeal of the circuit court's September 19, 2012, "Order Finding Defendant Mentally Competent As of Plea of Guilty Date Of July 11, 2008, Finding Rule 37 Petition Withdrawn and Remanding Defendant to the Custody of the Department of Corrections to Serve Original Sentence." (Doc. No. 9-6.) Because he has not properly filed an appeal in the Arkansas Supreme Court from the circuit court's order, the circuit court's ruling is the "end of the matter." *Nelson v. Norris,* 618 F. 3d 886, 892 (8th Cir. 2010); *see also Carey v. Saffold,* 536 U.S. 214, 226 (2002).

A determination of a factual issue made by a state court shall be presumed to be correct. *Weaver v. Bowersox,* 241 F.3d 1024, 1030 (8th Cir. 2001) "Because competence to stand trial is a factual issue, [the federal habeas court] presume[s] the state court's finding of competence is correct[.]" *Lyons v. Luebbers,* 403 F.3d 585, 593 (8th Cir. 2005) (citations omitted.)  The Respondent notes that the Petitioner has not proffered any evidence to meet his burden of overcoming the presumption that the trial judge's determination of his competence was correct, and therefore, reasonable.  The Court agrees.

Where procedural default has occurred, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  After careful review of his Petition, the Court concludes that Mr. Sandoval-Vega fails to show any cause and prejudice, and thus, his Petition for Writ of Habeas Corpus should be dismissed as procedurally barred.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally

defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petition is clearly procedurally defaulted. Therefore, no certificate of appealability should be issued.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    The Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED.

2.    A certificate of appealability should not be issued.

DATED this 5th day of February, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE